# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN DWYER, : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | No. 19-2814 |
| v. : | |
| : | |
| NATIONWIDE PROPERTY AND : | |
| CASUALTY INSURANCE | |
| COMPANY, | |
| Defendant. : | |

**August 13, 2020**                                                                                           **Anita B. Brody, J.**

### MEMORANDUM

Now before me is Defendant Nationwide's Motion for Partial Summary Judgment (ECF No. 13). For the reasons that follow, I will grant Defendant's motion and dismiss Plaintiff's claim that Nationwide violated 42 Pa. C.S.A. § 8371 by acting in bad faith when it denied Plaintiff's request for insurance coverage.[1]

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of a suit under the governing law," and a factual dispute is "genuine" if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[1] Aside from his bad faith claim (Count II in Plaintiff's Complaint), Plaintiff also brings claims for underinsured motorist coverage (Count I) and breach of contract (Count III). Defendant has not moved for summary judgment on either of those claims. They remain pending.

The moving party "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With "respect to an issue on which the nonmoving party bears the burden of proof," the moving party's burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party meets its initial burden, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case." *Id.* at 322. To support their respective positions, the parties must "(A) cit[e] to particular parts of materials in the record . . .; or (B) show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). If a party fails to "properly address another party's assertion of fact as required by Rule 56(c)," the Court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Nationwide moves for summary judgment on Plaintiff's bad-faith claim. In raising that claim, Plaintiff argues that Nationwide denied Plaintiff's insurance-coverage request in bad faith, violating 42 Pa. C.S.A. § 8371. Pennsylvania law provides that "[i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may" award interest on the claim, punitive damages, and/or costs/attorney fees against the insurer. 42 Pa. C.S.A. § 8371. The term "bad faith" includes "'any frivolous or unfounded refusal to pay proceeds of a policy.'" *Keefe v. Prudential Prop. and Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citation omitted)). To recover on such a claim, the plaintiff "must show (1) that the defendant did not have a reasonable basis for denying benefits under the policy" and "(2) that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the

claim." *Id.* (citations omitted).  The plaintiff must prove both elements by "clear and convincing evidence."  *Id.* at 227 (citations omitted); *see also Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 752 (3d Cir. 1994) (the "clear and convincing" standard requires a district court to "examine the evidence to ascertain whether it is so 'clear, direct, weighty and convincing' so as to enable the court to make its decision with a 'clear conviction.'" (citation omitted)).

In its motion for summary judgment, Nationwide argues that it had a reasonable basis for denying Plaintiff's coverage request.  Nationwide cites record evidence that it denied Plaintiff's request for insurance coverage because it relied upon an independent review of Plaintiff's medical records by a Dr. Salkind, who concluded that the injuries—and costs for lower-back surgery—were not causally related to the accident in question because Plaintiff suffered from those injuries prior to the accident.[2]  Nationwide argues that this constituted a "reasonable basis," and also argues that Plaintiff lacks evidence to support his allegation that Nationwide behaved in bad faith by failing to consider all of the relevant medical evidence before taking any action. After reviewing Nationwide's motion and evidence, I conclude that it has satisfied its summary-judgment burden, shifting the burden to Plaintiff to demonstrate the existence of genuine disputes of material fact that preclude summary judgment.

Plaintiff has failed to carry his burden.  Despite several chances to do so, Plaintiff never filed any objection to Nationwide's Motion for Partial Summary Judgment.[3]  He has not pointed to any evidence that Nationwide behaved in bad faith, nor has he offered any evidence to refute

---

[2] Nationwide also cites evidence that it forwarded Dr. Salkind's report to Plaintiff immediately after receiving it.

[3] Defendant filed its motion on January 6, 2020.  Plaintiff's response was due January 26, 2020.  That deadline passed without a response, and on March 2, 2020, I ordered Plaintiff to show cause—by March 9, 2020—why the summary judgment motion should not be deemed uncontested.  ECF No. 14.  On March 9, 2020, Plaintiff filed a motion for an extension of time to respond to the summary judgment motion.  ECF No. 15.  On March 10, 2020, I granted the motion and provided that Plaintiff must file a response by March 13, 2020.  That deadline has since long passed with no response by Plaintiff.

the evidence Nationwide offered in support of its motion.  Therefore, I will grant Nationwide's motion and dismiss Plaintiff's bad faith claim.

                                                           _s/ANITA B. BRODY, J._____
                                                           ANITA B. BRODY, J.

Copies **VIA ECF  08/13/2020**